IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

PAULETTE PAONESSA,
GINA PAONESSA,

Plaintiffs,

vs.

PATRICIA M. COUGHLIN, HUY THANH NGUYEN, TAMMY FRYE, JOHN DOES 1–10, JANE DOES 1–10., *et al.*,

Defendants.

Civil No. 26-00534 MWJS-WRP

ORDER DENYING IN FORMA PAUPERIS APPLICATION

## INTRODUCTION

On October 13, 2026, pro se Plaintiffs Paulette and Gina Paonessa filed a complaint against Patricia M. Coughlin, Huy Thanh Nguyen, and Tammy Frye. Dkt. No. 1. Plaintiffs also applied to proceed in forma pauperis (IFP), meaning without prepaying fees or security. Dkt. No. 2. For the reasons explained below, the court DENIES the IFP application without prejudice.

## BACKGROUND

The Fair Housing Act ("FHA") action concerns Plaintiffs' lease of Defendant Coughlin's condo and Nguyen and Frye's alleged mistreatment of Plaintiffs when their tenancy was ultimately terminated and they were evicted. Plaintiffs, Section 8 voucher beneficiaries, rented Coughlin's condo in Honolulu, Hawaiʻi, from October 2022 until

May 2025, when they were ultimately evicted from the residence. Plaintiffs allege that Defendants discriminated against them on the basis of Gina's disability and now bring suit alleging violations of the Fair Housing Act and request $2,000,000 in compensatory and punitive damages, declaratory and injunctive relief, and recoverable costs and attorney fees.

**DISCUSSION**

The court may permit a plaintiff to proceed IFP—without paying court fees and costs—if the applicant submits an affidavit demonstrating his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). Where, as here, there are two plaintiffs, each plaintiff seeking to proceed IFP must submit an individual IFP application. *Goodin v. Laporte*, No. 2:24-cv-02156-MDC, 2024 WL 489992465, at *2 (D. Nev. Nov. 26, 2024); *see also Walker v. SSA*, No. 22-cv-00860, 2022 WL 4230459, at *1 (S.D. Cal. Aug. 22, 2022) ("Unless the filing fee is paid, each natural person seeking to proceed as a plaintiff . . . must file his or her own separate application to proceed IFP."). An affidavit for an IFP application is "sufficient where it alleges that the applicant 'cannot pay the court costs and still afford the necessities of life.'" *Smith v. Amazon.com Servs., LLC*, No. 26-cv-00089 MWJS-WRP, 2026 WL 712443, at *1 (D. Haw. Mar. 13, 2026).

Plaintiffs Paulette and Gina Paonessa collectively submitted a single IFP application. *See* Dkt. No. 2. Although both Paulette and Gina signed the IFP application, the application contains material gaps about each of their financial

circumstances. For starters, the affidavit properly contains information about Plaintiffs' monthly income—Paulette's $1,086.00 in Social Security, and Gina's $0—and monthly expenses—Paulette's $200.00 in rent, and Gina's $0. *Id.* at PageID.10. The affidavit also correctly contains information about how much Paulette represents she has in her bank account ($5.00). *Id.* But it contains the following omissions: it does not indicate how much Gina has; does not clarify whether the "none" for assets is for both Plaintiffs; nor does it indicate whose debt the $5,000 in "credit cards various" belongs to. *Id.*

As such, the court DENIES Plaintiff's motion to proceed IFP without prejudice. While the court ordinarily screens a complaint accompanying an IFP application to determine whether it contains a valid claim for relief, *see* 28 U.S.C. § 1915(e)(1)(B), the court defers screening the complaint until Plaintiffs submit sufficient IFP applications.

## CONCLUSION

For the reasons stated herein, the court DENIES Plaintiffs' motion to proceed IFP without prejudice. If Plaintiffs elect to file an amended pleading, they must concurrently file IFP applications that fully respond to all questions for *each* individual, or Plaintiffs must pay the applicable filing fee for each individual. Any amended IFP applications must be filed by December 9, 2026. Failure to timely file such an application that conforms with this order will result in the automatic dismissal of Plaintiffs' action.

IT IS SO ORDERED.

DATED: November 9, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge